## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| FRANCIS M. NJOGU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:25-cv-01900 CDP |
| | ) |
| FAMILY COURT SAINT LOUIS | ) |
| CIRCUIT COURT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Francis M. Njogu brings this action for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed in forma pauperis, or without prepayment of the required filing fees and costs. [ECF No. 3]. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding in forma pauperis, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion for appointment of counsel will be denied as moot.

### The Complaint

On December 23, 2025, Plaintiff initiated this civil action against defendant "Family Court Saint Louis Circuit Court." [ECF No. 1]. Plaintiff alleges that the defendant State Court violated his Fourteenth Amendment right to custody of his minor child. He asserts that he was denied custody of his daughter on May 2, 2019 "without any explanations or cause" by the Circuit Court of Saint Louis County. *Id.* at 5. Since the denial in custody, Plaintiff has written letters to the Saint

Louis County Court and prosecuting attorney, that have gone unanswered. Furthermore, Plaintiff alleges that the "opposing lawyers" at the Court have been a source of frustration and intimidation when he "mention[s] [that] his daughter['s] passport [has been] forged." *Id.*

For relief, Plaintiff seeks primary custody of his daughter, as well as control of his daughter's passport. He also wishes to have no restriction on communication with his daughter. Last, Plaintiff seeks the waiver of attorneys' fees and Court costs which were imposed by the Family Court. *Id.* at 6.

### Plaintiff's Related Actions

This is Plaintiff's third federal court action relating to the May 2, 2019, custody determination in Saint Louis County Circuit Court. In July 2024, Plaintiff filed a civil rights action against Catherine Kagotho in which he sought injunctive relief prohibiting Kagotho from applying for a passport for their minor child without Plaintiff's permission. *See Njogu v. Kagotho*, No. 4:24-cv-00944-SPM (E.D. Mo.). The case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) on August 21, 2024. On August 14, 2024, Plaintiff filed a substantially similar action to the present action alleging a violation of his Fourteenth Amendment rights based on a denial of custody of his minor child by the Saint Louis County Circuit Court. *See Njogu v. Family Court Saint Louis Circuit Court,* No. 4:24-cv-01122-MTS (E.D.Mo.). The case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) on December 2, 2024, and the Eighth Circuit Court of Appeals dismissed Plaintiff's appeal for lack of jurisdiction, as untimely, on February 24, 2025. *Njogu v. Family Court of St. Louis County, Missouri*, 25-1067 (8th Cir. 2025).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a

complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## Discussion

Plaintiff brings this civil action under the Fourteenth Amendment, alleging that his rights were violated when the Saint Louis County Circuit Court denied him custody of his daughter without explanation or cause. For purposes of this legal analysis, the Court will liberally construe Plaintiff's Fourteenth Amendment claim as being brought under 42 U.S.C. § 1983. The United States Supreme Court has explained that "[c]onstitutional rights do not typically come with a built-

in cause of action to allow for private enforcement in courts. … Instead, constitutional rights are generally … asserted offensively pursuant to an independent cause of action designed for that purpose, see, *e.g.*, 42 U.S.C. § 1983." *DeVillier v. Texas*, 601 U.S. 285, 291 (2024). Furthermore, the Eighth Circuit has held that a Fourteenth Amendment due process claim should be structurally treated as a claim brought for relief under 42 U.S.C. § 1983, since a claim may not be brought directly under the Fourteenth Amendment. *Wax 'n Works v. City of St. Paul*, 213 F.3d 1016, 1019 (8th Cir. 2000).

Federal statute 42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In this case, Plaintiff names a single defendant: Family Court Saint Louis Circuit Court. However, state courts are not suable under §1983 because they are protected by state immunity under the Eleventh Amendment. *Harris v. Mo. Ct. of Appeals, W.D.*, 787 F.2d 427, 429 (8th Cir. 1986); *see also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court."). Because the only named defendant is a state court not suable under § 1983, this case must be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

Furthermore, even if the defendant State Court was not protected by immunity, it appears that Plaintiff's case would also be subject to dismissal as time-barred. "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). Section 1983 claims are analogous to personal injury

claims and are subject to Missouri's five-year statute of limitations. *Sulik v. Taney Cnty., Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). In this case, the State's alleged failure to provide Plaintiff with a fundamentally fair process was complete when the State Court litigation ended. *See Reed v. Goertz*, 598 U.S. 230, 236 (2023). Thus, the statute of limitations on Plaintiff's claim began to run when the State Court issued its custody decision on May 2, 2019. Plaintiff's complaint in this matter was signed and filed on December 23, 2025. Therefore, by the time Plaintiff initiated this suit, the five-year statute of limitations on his § 1983 claim had already expired.

And to the extent Plaintiff brought this suit to seek review of the State Court's child custody decision, this Court lacks jurisdiction to conduct such an examination. Any review of the State Court's decision would most likely violate the *Rooker-Feldman* doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Based on this doctrine, federal district courts lack subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996). Moreover, because Plaintiff seeks review of the State Court judgment on custody, this federal district court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *Id.*; *see also Arseneau v. Pudlowski*, 110 F.4th 1114, 1117 (8th Cir. 2024) (stating that "a federal court may bypass a 'murky' *Rooker-Feldman* issue when the merits of the case 'easily result in dismissal'") (quoting *King v. City of Crestwood*, 899 F.3d 643, 647-48 (8th Cir. 2018)).[1]

---

[1] Furthermore, because the crux of this case relates to child custody matters, this Court also lacks jurisdiction over this action under the domestic relations exception to federal court jurisdiction. This exception, first recognized by the United States Supreme Court in *Barber v. Barber*, 62 U.S. 582, 603 (1858), "divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) (citation

For these reasons, the Court will dismiss this case for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's pending motion for appointment of counsel will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis, [ECF No. 3], is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel, [ECF No. 2], is **DENIED as moot**.

**IT IS FURTHER ORDERED** that an appeal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 7th day of January, 2026.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

---

omitted). As the Supreme Court later explained in *Ex parte Burrus*, "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." 136 U.S. 586, 593-94 (1890). Even "when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Kahn*, 21 F.3d at 861.